UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DONALD GUICHARD,

                             Plaintiff,

                                                MEMORANDUM & ORDER
             -against-                          13-CV-3052(JS)(ARL)

TOWN OF BROOKHAVEN; TOWN OF BROOKHAVEN
WASTE MANAGEMENT DEPARTMENT; BRIAN
TOHILL, in his individual and official
capacity; ROBERT INCAGLIATO, in his
individual and official capacity;
JOHNS DOES AND JANE DOES #1-10, in their
individual and official capacities;

                             Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Scott M. Mishkin, Esq.
                        Kyle T. Pulis, Esq.
                        Scott Michael Mishkin, P.C.
                        One Suffolk Square, Suite 520
                        Islandia, NY 11749

For Defendants:         Timothy F. Hill, Esq.
                        Sinnreich & Kosakoff LLP
                        267 Carleton Avenue
                        Central Islip, NY 11722

SEYBERT, District Judge:

        Plaintiff Donald Guichard ("Plaintiff") commenced this

action on May 24, 2013 against defendants the Town of Brookhaven

(the "Town"); the Town of Brookhaven Waste Management Department

(the "Waste Management Department"); Brookhaven's Town

Investigator, Brian Tohill ("Tohill"); and Brookhaven's Senior

Field Inspector, Robert Incagliato ("Incagliato," and together

with the Town, the Waste Management Department, and Tohill,

"Defendants"). The Complaint seeks relief pursuant to 42 U.S.C. §§ 1983 and 1985 for constitutional violations in connection with the Town's decision to conduct a cleanup of Plaintiff's property. The Complaint also asserts state law claims for trespass, conversion, and various forms of negligence. Defendants have moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

<u>BACKGROUND</u>[1]

Plaintiff owns property located at 2 Old School House Road in Manorville, New York. (Compl. ¶ 15.) Plaintiff alleges that on February 28, 2012, employees of the Town and the Waste Management Department, including Tohill and Incagliato, entered Plaintiff's property illegally, "under the purported legal auspices of carrying out Brookhaven's policy and resolution to stop a nuisance without a properly obtained and valid search warrant," and removed the following items: (1) a tree stand; (2) two sheets of steel; (3) parts of Plaintiff's home and sidewalk; (4) five shade covers and 108 brackets for Plaintiff's greenhouse; (5) two thousand wire crop supports; (6) concrete;

---

[1] The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

(7) two boat trailers; (8) one hammer; (9) six scaffolds; and (10) forty fence posts. (Compl. ¶¶ 16, 24.) Plaintiff further alleges that while on his property, Defendants "purposefully severed" his water lines and caused substantial damage when they drove over the property with a bulldozer and other vehicles, equipment, and machinery. (Compl. ¶¶ 16-17.)

Plaintiff also claims that Defendants retrieved garbage from the adjoining property, deposited it on Plaintiff's property, and then assessed Plaintiff a fine of $9,231.66 "for an erroneous clean up and removal of waste and garbage" from the property. (Compl. ¶¶ 17, 35.) Thus, according to Plaintiff, the Town's actions "were all undertaken under the purported legal auspices of carrying out Brookhaven's policy and resolution to stop a nuisance without a properly obtained and valid search warrant, when in fact this was not defendants [sic] intent . . . ." (Compl. ¶ 24.)

Based on these allegations, the Complaint seeks relief against all Defendants pursuant to 42 U.S.C. §§ 1983 and 1985 for violations of the Fourth, Fifth, Eight, Ninth, and Fourteenth Amendments of the United States Constitution, and also asserts state law claims for trespass, conversion, and various forms of negligence. The Complaint seeks such relief against Tohill and Incagliato in both their individual and official capacities. Defendants have moved to dismiss the Complaint on various grounds.

(Docket Entry 5.)  This motion is currently pending before the Court.

DISCUSSION

The Court will first set forth the legal standard on a Rule 12(b)(6) motion to dismiss before turning to Defendants' motion specifically.

## I.  Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

The Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue

4

Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998).  However, this
has been interpreted broadly to include any document attached to
the complaint, any statements or documents incorporated in the
complaint by reference, any document on which the complaint heavily
relies, and anything of which judicial notice may be taken.  See
Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002)
(citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773
(2d Cir. 1991).

II.  Section 1983 Claims

    A.  Municipal Liability

        Defendants move to dismiss Plaintiff's § 1983 claim
against the Town on the ground that Plaintiff has not alleged the
existence of a municipal policy or custom sufficient to subject
the Town to municipal liability under Monell v. Department of
Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611
(1978).  (Defs.'s Br., Docket Entry 5-1, at 5-6.)  The Court
disagrees.

        Section 1983 states in relevant part:

        Every person who, under color of any statute,
        ordinance, regulation, custom, or usage, of
        any State . . . subjects, or causes to be
        subjected, any citizen of the United States or
        other person within the jurisdiction thereof
        to the deprivation of any rights, privileges,
        or immunities secured by the Constitution and
        laws, shall be liable to the party
        injured . . . .

42 U.S.C. § 1983. Municipalities are considered "persons" subject to suit under § 1983. Monell, 436 U.S. at 690. However, "a municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Id. at 691 (emphasis in original). Rather, to state a § 1983 claim against a municipality, a plaintiff must plead, inter alia, that the unconstitutional acts of its employees are attributable to a municipal policy or custom. See id. at 694 ("Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

A plaintiff may plead the existence of a municipal policy or custom by alleging "a formal policy which is officially endorsed by the municipality" or "actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights." Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citing Monell, 436 U.S. at 690; Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84, 106 S. Ct. 1292, 1299-1300, 89 L. Ed. 2d 452 (1986)).

"[M]unicipal liability may be imposed for a single decision by municipal policymakers under appropriate

6

circumstances." <u>Pembaur</u>, 475 U.S. at 480. However, "[m]unicipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." <u>Id.</u>

Plaintiff alleges that Defendants' actions, which allegedly violated Plaintiff's rights under the Fourth, Fifth, Eight, Ninth, and Fourteenth Amendments of the United States Constitutions, were undertaken pursuant to the Town's nuisance abatement ordinance. (Compl. ¶¶ 25, 28.) Defendants argue that Plaintiff has failed to state a claim for municipal liability against the Town because, according to Defendants, Plaintiff's "sole allegation of a municipal policy is the mere existence of" the Town's nuisance abatement ordinance, which, the Court in <u>Castanza v. Town of Brookhaven</u>, 700 F. Supp. 2d 277 (E.D.N.Y. 2010) upheld as constitutional. (Defs.' Br. at 5-6.) The Court agrees with Defendants that an allegation that merely challenges an alleged unconstitutional application of an otherwise valid ordinance does not adequately state a claim for municipal liability under <u>Monell</u>. <u>See</u> <u>Collins v. W. Hartford Police Dep't</u>, 380 F. Supp. 2d 83, 92 (D. Conn. 2005) (finding allegations "properly viewed as challenges . . . to an unconstitutional application of a valid policy . . . and not as constitutional challenges to official policy" insufficient to state a claim for municipal

liability under <u>Monell</u>), <u>aff'd on other grounds</u>, 324 F. App'x 137 (2d Cir. 2009).

However, the Complaint also alleges that Tohill and Incagliato, both of whom Plaintiff alleges had "final policy making authority," "directly participated" in the alleged unconstitutional cleanup of Plaintiff's property and "created such a policy or custom to continue." (Compl. ¶¶ 5-8.) Although the Complaint is by no means a model of clarity, the Court finds that Plaintiff has met his pleading burden. Under <u>Monell</u>, the Town can be held liable if Tohill and Incagliato used their policy making authority to effectuate an unconstitutional cleanup of Plaintiff's property. Accordingly, Defendants' motion to dismiss for failure to state a claim for municipal liability against the Town is DENIED to the extent Plaintiff has pleaded viable underlying constitutional violations.

Although Defendants have not moved to dismiss the alleged underlying constitutional violations, it is clear to the Court, as explained below, that Plaintiff's Fifth, Eight, and Ninth Amendment claims are insufficient as a matter of law or are not ripe for judicial review and are therefore <u>sua</u> <u>sponte</u> DISMISSED. However, the Court cannot say at this stage of this litigation that Plaintiff has failed to state claims under the Fourth and Fourteenth Amendments and Defendants do not move to dismiss these claims. These claims therefore remain.

1.  Fifth Amendment

The Fifth Amendment provides in relevant part that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. CONST. amend. V.

Due to the haphazard nature of the allegations of Plaintiff's Complaint, the scope of Plaintiff's Fifth Amendment claim is not entirely clear. However, to the extent Plaintiff claims that Defendants violated his due process rights under the Fifth Amendment, it is clear that the Due Process Clause of the Fifth Amendment applies only to acts committed by the United States and any such claim is therefore DISMISSED. Castanza, 700 F. Supp. 2d at 288 ("[T]he Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'" (quoting Dusenbery v. United States, 534 U.S. 161, 167, 122 S. Ct. 694, 151 L. Ed. 2d 597 (2002))).

In addition, to the extent that Plaintiff alleges that Defendants took his property without just compensation, it appears that such claim is not ripe for judicial review. To state a takings claim under § 1983, a plaintiff must allege (1) a property interest, (2) that has been taken under color of state law, (3) without just compensation. Burke v. Town of E. Hampton, No. 99-

CV-5798, 2001 WL 624821, at *10 (E.D.N.Y. Mar. 16, 2001) (citation omitted).  With respect to the third element, a plaintiff "must allege that [he] exhausted state procedures for obtaining just compensation."  <u>Id.</u> (internal quotation marks and citation omitted).  The United States Supreme Court has stated that where "a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation."  <u>Williamson County Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 195, 105 S. Ct. 3108, 3121, 87 L. Ed. 2d 126 (1985).

As such, Plaintiff was required to "first seek compensation from the state if the state has a 'reasonable, certain and adequate provision for obtaining compensation.'"  <u>Villager Pond, Inc. v. Town of Darien</u>, 56 F.3d 375, 379-80 (2d Cir. 1995) (quoting <u>Williamson</u>, 473 U.S. at 194); <u>see also</u> <u>Frooks v. Town of Cortlandt</u>, 997 F. Supp. 438, 452 (S.D.N.Y. 1998) (stating that "a 'taking' is not 'without just compensation' under section 1983 unless a plaintiff has exhausted all state remedies that may provide just compensation"), <u>aff'd</u>, 182 F.3d 899 (2d Cir. 1999).  The State of New York provides remedies for just compensation claims under New York Eminent Domain Procedure Law § 101, <u>et</u> <u>seq.</u>, and Article 78 of the New York Civil Practice Law and Rules, both

of which satisfy all constitutional requirements. <u>Burke</u>, 2001 WL 624821, at *11.

Here, Plaintiff has not alleged exhaustion of his New York State remedies that may provide just compensation. Accordingly, to the extent Plaintiff asserts a takings claim, it is not ripe for adjudication by the Court at this time and is therefore DISMISSED. <u>See</u> <u>Viteritti v. Inc. Vill. of Bayville</u>, 831 F. Supp. 2d 583, 591 (E.D.N.Y. 2011) ("Courts within the Second Circuit have uniformly dismissed Fifth Amendment takings claims at the pleadings stage when plaintiffs fail to sufficiently allege that they have availed themselves of such state procedures.") (collecting cases).

    2.  <u>Eighth Amendment</u>

The text of the Eighth Amendment prohibits the imposition of "excessive fines." U.S. Const. amend. VIII.

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it

has secured a formal adjudication of guilt in
accordance with due process of law.

Castanza, 700 F. Supp. 2d at 288-89 (ellipsis and alteration in

original) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S.

239, 244, 103 S. Ct. 2979, 2983, 77 L. Ed. 2d 605 (1983)).

In Castanza, the Court granted summary judgment on the

plaintiff's Eighth Amendment claim, which, like Plaintiff's claims

here, challenged the imposition of a similar fine imposed by the

Town for a cleanup undertaken pursuant to the same public nuisance

ordinance.   Id.   Here, Plaintiff does not allege that he was

convicted of a criminal offense or subjected to cruel and unusual

punishment.   Accordingly, Plaintiff's Eighth Amendment claim is

DISMISSED.

3.   Ninth Amendment

The Ninth Amendment provides that "[t]he enumeration in

the Constitution, of certain rights, shall not be construed to

deny or disparage others retained by the people."   U.S. CONST.

amend. IX.   However, as the Second Circuit has explained,

> [t]he Ninth Amendment is not an independent
> source of individual rights; rather, it
> provides a "rule of construction" that
> [courts] apply in certain cases.   The rule
> dictates that . . . "[t]he full scope of the
> specific guarantees [in the Constitution] is
> not limited by the text, but embraces their
> purpose."

Jenkins v. Comm'r of I.R.S., 483 F.3d 90, 92-93 (2d Cir. 2007)

(second, third, and fourth alterations in original) (internal

citation omitted).   Thus, "'although the Ninth Amendment may provide the basis for recognition of un-enumerated rights, which themselves may be enforceable against a State under the Due Process Clause of the Fourteenth Amendment, the Ninth Amendment itself provides no substantive right.'" Castanza, 700 F. Supp. 2d at 289 (quoting Palmieri v. Town of Babylon, No. 06-CV-0968, 2008 WL 3155153, at *17 (E.D.N.Y. Aug. 4, 2008)).   Accordingly, to the extent that Plaintiff asserts an independent violation of the Ninth Amendment, such claim is DISMISSED. See id.

     B.    The Waste Management Department as a Proper Defendant

Defendants move to dismiss Plaintiff's § 1983 claim against the Waste Management Department on the ground that the Waste Management Department is not an independent legal entity capable of being sued under § 1983.  (Defs.' Br. at 7.)  The Court agrees.

Although a municipality may be sued pursuant to § 1983, "[u]nder New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued." Walker IV v. U.S. Marshals, No. 08-CV-0959, 2009 WL 261527, at *2 (E.D.N.Y. Feb. 4, 2009) (quoting Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)).  Plaintiff's opposition does not challenge Defendants' contention that the Waste Management Department is not a legal entity separate and apart from the Town.

13

In addition, Plaintiff alleges in the Complaint that the Town "operates, manages, and controls" the Waste Management Department, making clear that Plaintiff views the Waste Management Department merely as an administrative arm controlled by the Town. (Compl. ¶ 4.) Accordingly, the Court assumes that Plaintiff agrees with Defendants' assertion. Moreover, it also seems clear to the Court that the Waste Management Department is nothing more than an administrative department of the Town. For these reasons, Plaintiff's § 1983 claim against the Waste Management Department is DISMISSED.[2]

C.   Official Capacity Claims Against Tohill and Incagliato

Defendants move to dismiss the official capacity claims against Tohill and Incagliato on the ground that they are duplicative of the claims against the Town. Plaintiff offers no response to this argument other than to say that Plaintiff has also asserted claims against Tohill and Incagliato in their individual capacities. (Pl.'s Br., Docket Entry 8, at 13.) The Court agrees with Defendants that the official capacity claims are duplicative and should be dismissed.

---

[2] Although Defendants' memorandum of law limits this argument to the § 1983 claims, the Court's finding that the Waste Management Department is not an independent legal entity subject to suit would apply to all claims alleged against the Waste Management Department. Accordingly, all claims against the Waste Management Department are DISMISSED.

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Castanza, 700 F. Supp. 2d at 283–84 (alteration in original) (quoting Monell, 436 U.S. at 691). "Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as redundant and an inefficient use of judicial resources." Id. at 284 (quoting Escobar v. City of N.Y., No. 05-CV-3030, 2007 WL 1827414, at *3 (E.D.N.Y. June 25, 2007)). Because the Town is named in the Complaint, the claims against Tohill and Incagliato in their official capacities are DISMISSED as duplicative and redundant. See id. at 284 ("Since the Town is named in the Complaint, the claims against Defendants, in their official capacities, are dismissed as duplicative and redundant." (citation omitted)).

III. Section 1985 Claims

Plaintiff also alleges that Defendants engaged in a "conspiracy by entering plaintiff's premises and illegally searching and seizing his property" in violation of 28 U.S.C. § 1985. (Compl. ¶ 30.) Defendants move to dismiss the § 1985 claims arguing that the intracorporate conspiracy doctrine bars such claims. (Defs.' Br. at 4.) The Court agrees.

Section 1985(3), the only conceivably applicable provision here, prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. § 1985(3). To state a claim for conspiracy under § 1985(3), a plaintiff must allege:

> (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States.

Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999) (citing Traggis v. St. Barbara's Greek Orthodox Church, 851 F.2d 584, 586-87 (2d Cir. 1988).

"Under the intracorporate conspiracy doctrine, officers, agents and employees of a single corporate entity are legally incapable of conspiring together." Quinn v. Nassau Cnty. Police Dep't, 53 F. Supp. 2d 347, 359 (E.D.N.Y. 1999) (citing Solla v. Aetna Health Plans of N.Y. Inc., 14 F. Supp. 2d 252, 257 (E.D.N.Y. 1998); see also Hartline v. Gallo, 546 F.3d 95, 99 n.3 (2d Cir. 2008) (citation omitted); Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir. 1978). Although it has its roots in cases involving corporations, courts have extended the doctrine to claims of

conspiracy between a public entity and its employees.  See Everson
v. N.Y. City Transit Auth., 216 F. Supp. 2d 71, 76 (E.D.N.Y. 2002);
Silverman v. City of N.Y., No. 98-CV-6277, 2001 WL 1776157, at *4
(E.D.N.Y. Nov. 19, 2001).

However, "[a]n exception to the intracorporate
conspiracy doctrine applies to individuals within a single entity
when they are pursuing personal interests wholly separate and apart
from the entity."  Bond v. Bd. of Educ. of the City of N.Y., No.
97-CV-1337, 1999 WL 151702, at *2 (E.D.N.Y. Mar. 17, 1999).  For
the personal interest exception to apply, it is not enough to
"'[s]imply join[ employees] as defendants in their individual
capacities . . . .'"  Hill v. City of N.Y., No. 03-CV-1283, 2005
WL 3591719, at *6 (E.D.N.Y. Dec. 30, 2005) (first alteration in
original) (quoting Girard v. 94th & Fifth Ave. Corp., 530 F.2d 66,
72 (2d Cir. 1976)).  Rather, "[t]he plaintiff must also allege
that they acted other than in the normal course of their corporate
duties."  Id. (internal quotation marks and citation omitted).

Here, the Complaint does not contain a single allegation
that Tohill, Incagliato, or any other Town employee were pursuing
personal interests wholly separate and apart from the Town when
Defendants entered Plaintiff's property.  Nonetheless, Plaintiff
attempts to invoke the personal interest exception by pointing to
the allegations of the Complaint that Defendants retrieved garbage
from the adjoining property owner's land, deposited the garbage on

Plaintiff's property, and then assessed Plaintiff a fine for cleaning up the garbage but did not fine the adjoining property owner. (See Compl ¶¶ 17, 41, 43-45.) Based on these allegations, Plaintiff argues that "the personal interests of the defendants can be inferred where the defendants conspired with a private individual to damage plaintiff's land and seize his belongings." (Pl.'s Br. at 6.) However, the Complaint does not contain a single allegation, explicit or implied, that Defendants conspired with the adjoining property owner. Thus, because Plaintiff's § 1985 claim is based solely on actions taken by the Town and its employees, the intracorporate conspiracy doctrine bars Plaintiff's § 1985 claim. Defendants' motion to dismiss the § 1985 claim is therefore GRANTED and the § 1985 claim is DISMISSED.

IV. State Law Claims

Plaintiff alleges state law claims for trespass, conversion, and various forms of negligence. Defendants move to dismiss Plaintiff's state law claims on the ground that the alleged actions taken by Defendants are shielded by the doctrine of governmental immunity. (Defs.' Br. at 7-8.) Specifically, Defendants argue that they are immune from liability because "the alleged acts by the defendants, as complained of by the plaintiff, universally and in all cases involve the exercise of discretion." (Defs.' Br. at 8.) Plaintiff counters by arguing that Defendants'

actions were not discretionary because Defendants "acted with intent to cause harm to plaintiff." (Pl.'s Br. at 11-12.)

The New York Court of Appeals has explained the standard for governmental immunity as follows:

> Whether an action of a governmental employee or official is cloaked with any governmental immunity requires an analysis of the functions and duties of the actor's particular position and whether they inherently entail the exercise of some discretion and judgment. If these functions and duties are essentially clerical or routine, no immunity will attach.
>
> . . . .
>
> If a functional analysis of the actor's position shows that it is sufficiently discretionary in nature to warrant immunity, it must then be determined whether the conduct giving rise to the claim is related to an exercise of that discretion. Obviously, governmental immunity does not attach to every action of an official having discretionary duties but only to those involving an exercise of that discretion.

Mon v. City of N.Y., 78 N.Y.2d 309, 313, 579 N.E.2d 689, 691-92, 574 N.Y.S.2d 529, 531-32 (1991) (internal citations omitted); see also Haddock v. City of N.Y., 75 N.Y.2d 478, 484, 553 N.E.2d 987, 991, 554 N.Y.S.2d 439, 443 (1990) ("[W]hen official action involves the exercise of discretion or expert judgment in policy matters, and is not exclusively ministerial, a municipal defendant generally is not answerable in damages for the injurious consequences of that action.").

The Court finds that Defendants' motion to dismiss on the ground of governmental immunity is premature and better reserved for a motion for summary judgment following discovery, which will shed light on the precise role that Tohill, Incagliato, and other Town employees played in the decision to clean up Plaintiff's property. Moreover, at this stage, the allegations of the Complaint preclude any argument that Defendants' actions were the result of "the exercise of reasoned judgment which could typically produce different acceptable results" because Plaintiff alleges that Defendants used the Town's nuisance abatement ordinance as a pretext to cause damage to Plaintiff's property and to dump garbage on Plaintiff's property and assess Plaintiff a fine for the cleanup. Accordingly, Defendants' motion to dismiss on the ground of governmental immunity is DENIED.[3]

---

[3] Defendants also argue that the federal claims against Tohill and Incagliato in their individual capacities must be dismissed "[f]or the same reasons [that the state law claims must be dismissed], as well as [because of] the doctrine of qualified immunity . . . ." (Defs.' Br. at 8.) Defendants' argument that the doctrine of qualified immunity applies to the federal claims is confined to that one sentence of its moving brief. The Court rejects Defendants' argument. First, as explained above, the Court has rejected Defendants' argument that Tohill and Incagliato are entitled to governmental immunity at this stage of the litigation. Second, Defendants offer no explanation as to why the doctrine of qualified immunity applies to Plaintiff's federal claims and the Court declines to guess what Defendants' argument is.

V.    <u>Failure to Exhaust Administrative Remedies</u>

Defendants finally argue that Plaintiff's claims should be dismissed for failure to exhaust his state administrative remedies.  Specifically, Defendants argue that Plaintiff's "claims herein ultimately seek to challenge the propriety of government action relating to plaintiff's property" and, therefore, "the proper vehicle for such challenges in New York is a proceeding brought pursuant to Article 78 of the New York Civil Practice Law and Rules . . . ." (Defs.' Br. at 8.)  Because Plaintiff has not commenced an Article 78 proceeding within the four-month statute of limitations for such proceedings, Defendants contend, Plaintiff is now barred from bringing this action.  (Defs.' Br. at 8.)  In opposition, Plaintiff does not argue that he exhausted his administrative remedies, nor does the Complaint allege that he has.   Rather, Plaintiff counters that his "claims arise under §§ 1983 . . . and are therefore not subject to the exhaustion requirement." (Pl.'s Br. at 12.)

It is true as a general rule, that a plaintiff need not exhaust administrative remedies prior to bringing a § 1983 action in federal court.  <u>See</u> <u>Kraebel v. N.Y. City Dep't of Housing Preservation and Dev.</u>, 959 F.2d 395, 404 (2d Cir. 1992) ("It is well-established that § 1983 generally allows plaintiffs with federal or constitutional claims the right to sue in federal court without first resorting to state judicial remedies or state

administrative remedies." (internal citations omitted)). However, to the extent that Plaintiff claims a violation of procedural due process under the Fourteenth Amendment, Plaintiff's failure to commence an Article 78 proceeding does preclude such a claim. <u>See</u> <u>Montalbano v. Port Auth. of N.Y. and N.J.</u>, 843 F. Supp. 2d 473, 485 (S.D.N.Y. 2012) ("Because [plaintiff] could have availed himself of a constitutionally adequate process to vindicate his alleged rights, he has not established a violation of Procedural Due Process under the Fourteenth Amendment."). Thus, Defendants' motion to dismiss for failure to exhaust administrative remedies is GRANTED to the extent that Plaintiff claims he was deprived of procedural due process under the Fourteenth Amendment but is DENIED with respect to all other adequately pleaded constitutional violations.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is GRANTED IN PART and DENIED IN PART.

Plaintiff's claims against the Waste Management Department and the official capacity claims against Incagliato and Tohill are DISMISSED. The Clerk of the Court is directed to TERMINATE the Waste Management Department as a party to this action.

Plaintiff's claims under 42 U.S.C. § 1985 and the Fifth, Eighth, and Ninth Amendments are also DISMISSED. Additionally,

Plaintiff's procedural due process claim under the Fourteenth Amendment is also DISMISSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     June __16__, 2014
           Central Islip, New York